UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                                15 CR 213 (SJ)

     -against-

                                                MEMORANDUM &
                                                ORDER

NOELLE VELENTZAS

              Defendant.
----------------------------------------------------X
A P P E A R A N C E S

ROBERT L. CAPERS
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By: Douglas M. Pravda
     Jennifer S. Carapiet
     Alexander A. Solomon

SEAN MICHAEL MAHER
Law Office of Sean M. Maher, PLLC
The Woolworth Building
233 Broadway, Suite 801
New York, NY 10279
*Attorney for Noelle Velentzas*

**JOHNSON, Senior District Judge:**

      Defendants Noelle Velentzas ("Velentzas" or "Defendant") and Asia Siddiqui ("Siddiqui") are charged with conspiring to use a weapon of mass

1

destruction against persons and property within the United States, in violation of Title 18, United States Code, Section 2332a(a)(2); and teaching and distributing information pertaining to the making and use of an explosive, destructive device and weapon of mass destruction, in violation of Title 18, United States Code, Section 842(p). Siddiqui is also charged with making material false, fictitious and fraudulent statements in a matter involving international and domestic terrorism, in violation of Title 18, United States Code, Section 1001.

The charges against the defendants implicate national security and involve potentially discoverable classified materials, which are governed by the Classified Information Procedures Act ("CIPA") 18 U.S.C. App. 3.

On June 24, 2016, the Government moved this Court, pursuant to CIPA § 2, to hold a pretrial conference regarding classified information that may arise in connection with the Government's case. The Government requested permission to file with the Court ex parte and in camera its CIPA § 4 application, the substance of which is unknown. The Government also moved for a Protective Order for classified discovery pursuant to CIPA § 3. Velentzas opposes the Government's motions; Siddiqui has lodged no objections. On June 27, 2016 this Court set a briefing schedule. Upon consideration of the parties' submissions, the Government's request to file its CIPA § 4 application ex parte and in camera is GRANTED. The Court

RESERVES its decision regarding the Government's CIPA § 3 motion for a Protective Order.

I. CIPA and Rule 16

CIPA seeks to "harmonize a criminal defendant's right to obtain and present exculpatory material . . . with the government's need to withhold information from discovery when disclosure would be inimical to national security." In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93 (2d Cir. 2008) (quoting United States v. Aref, 533 F.3d 72, 79 (2d Cir. 2008), United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996), and Zuckerbaum v. Gen Dynamics Corp., 935 F.2d 544, 546 (2d Cir. 1991)).

CIPA § 4 authorizes a district court to deny or otherwise restrict discovery of classified information:

> The court upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Civil Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. 18 U.S.C. App. III § 4.

Similarly, Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 16 (d) permits a district court "… for good cause, [to] deny, restrict or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte ..."

CIPA "overlays the framework appearing in Fed. R. Crim. P. 16, which itself 'authorizes district courts to restrict discovery of evidence in the interest of national security.'" United States v. Zazi, No. 10 CR 60 (JG), 2011 WL 2532903, at *1 (E.D.N.Y. Jun. 24, 2011) (quoting Aref, 533 F.3d at 78). Courts are duty bound to minimize the risk of the unauthorized disclosure of classified information." United States v. Bin Laden, 58 F. Supp. 2d 113, 121 (S.D.N.Y. 1999). At the same time, courts must be mindful of Fed. R. Crim. P. 16, which entitles Defendants to discoverable material.

II. The Government's national security interests outweigh Defendant's right to view potentially discoverable information at this stage.

Here, the Government wishes to file its CIPA § 4 application ex parte and in camera because it contains classified information that implicates national security. The Defendant objects and summarizes the Circuit's four-step test to "delete or substitute information pursuant to [CIPA] § 4." (Defendant's Memo ("Def. Mem.") p. 2.) The Court has yet to receive the Government's material, therefore, this analysis is premature and need not detain us long. (See Def. Mem. pp 2-5). The only issue presently before the Court is whether it can review classified information ex parte in order to make a discoverability determination.

CIPA § 4, Fed. R. Crim. P. 16 and substantial case-law within this Circuit, and elsewhere, amply support this Court's authority to review classified information ex parte and in camera in cases involving national security. See Bin Laden, 58 F.

4

Supp. 2d 113 at 121; United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010); United States v. Stewart, 590 F.3d 92, 132-33 (2d Cir. 2009); Aref, 533 F.3d at 81; Zazi, 2011 WL 2532903, at *3; United States v. Campa, 529 F.3d 980, 995 (11th Cir. 2008); United States v. Hanna, 661 F.3d 271, 294 (6th Cir. 2011); United States v. O'Hara, 301 F.3d 463, 568-69 (7th Cir. 2002); United States v. Klimavicius-Viloria, 144 F.3d 1249, 1260-61 (9th Cir. 1998); United States v. Rezaq, 134 F.3d 1121, 1143 (D.C. Cir. 1998); United States v. Yunis, 867 F.2d 617, 620 (D.C. Cir. 1989); United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988).

The defendant correctly points out that the purpose of CIPA is to protect sensitive national security information, not to impede a defendant's fair trial rights. See Stewart, 590 F.3d 92 at 130; Aref, 533 F.3d at 80 (government's privilege under CIPA "must give way" when classified information is helpful or material to the defense.). The defendant's right to discovery is also weighed against the public's interest in non-disclosure. See United States v. Smith, 780 F.2d 1102, 1110 (4th Cir. 1985); Bin Laden, 58 F. Supp. 2d at 121; see, e.g., Klimavicius-Viloria, 144 F.3d at 1261 ("Ex parte hearings are generally disfavored. In a case involving classified documents, however, ex parte, in camera hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use to decide the relevancy of the information.") (internal citation omitted).

The purpose of the Court's in camera review under these circumstances is to determine whether any of the information is discoverable, therefore, the Government's motion is granted. See Stewart, 590 F.3d at 132-133.

Next, Defendant requests permission to make an ex parte presentation to the Court regarding how classified material may be helpful and material to the defense (Def. Mem. pp. 11-12) and the Government has no objections (Government's Memo pp. 11-12). Defendant's request is therefore granted to assist the Court in making its § 4 determination. The Court will consider the Government's motion for a protective order pursuant to CIPA § 3 following its § 4 review. The Court has considered Defendant's remaining arguments and finds them to be without merit at this stage.

For the foregoing reasons, the Government's motion to submit its CIPA § 4 application ex parte for in camera review is granted. The Government shall submit said material to the Court following the September 14, 2016 status conference.

SO ORDERED.

Dated: August 10, 2016                   /S/
      Brooklyn, NY                     STERLING JOHNSON, JR.
                                           Senior United States District Judge