

March 12, 2018

**VIA ECF**

Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Camden Plaza East
Brooklyn, NY  11201

      **RE:**    *United States v. Velentzas et al.*
                  15 Cr 213 (SJ)

Dear Judge Johnson:

On behalf of Asia Siddiqui, Counsel Charles Swift and Linda Moreno makes this request for a continuance of the presently scheduled trial date in this matter set on May 13, 2019.  Counsel is asking that the trial date be re-set to October 14, 21, or 28, 2019.  Counsel for Ms. Velentzas, Sean Maher, and the US Government counsel have no objections to this request for a continuance, nor an objection to the new trial dates proposed. The defendant, Ms. Siddiqui, has indicated she is in support of this request and does not object to the new proposed dates. Counsel makes this request for two reasons:

First:  On the morning of Monday, December 21, 2018, the Constitutional Law Center for Muslims in America discovered its electronic servers and files had been hit by a ransomware attack which began just after close of business Friday, December 21, 2018.  Because it progressed undiscovered over that weekend, the virus affected both servers and backup drives. All files from the servers and backup drives became corrupted and therefor inaccessible.  There was nothing which indicated that any of the client files, information, or data, was downloaded, taken, reviewed, or otherwise compromised.  All of our files, including the discovery in this case constituting almost a terabyte of data, were encrypted so we could not access them. This ransomware attack was promptly reported to the FBI's Cyber Division on the date it was discovered.  Since this time, we have been working to recreate all of our case files which were located on our office shared drive.

Recreating the case file in the above case has proven to be onerous. We initially attempted to download the discovery previously sent to us by the government on discs and hard drives, the drives and discs we had no longer had passwords that were active.  We reached out to the US Attorney's office on January 7, 2019, to request a re-production of all of the discovery we had been previously provided.  They graciously agreed to assist us by re-producing the discovery in this matter.  (It should be noted we had already reviewed all of the discovery provided by the

AUSA's Office and annotated it, however, we no longer had the documents for which we made notes. We are unable to pull any documents we need to appropriately prepare for trial.)

We sent a hard drive to see if the AUSA's IT department could reset the password, and provided the government with the Bates numbers of any discovery we did have that we were able to retrieve for emails, etc. We informed the government that if we did not have all of the discovery reproduced by March 15, we did not feel we could be adequately prepared for trial as presently set. We of course acknowledge that this problem was not of the government's making, and we do appreciate their assistance in getting the new discovery re-produced to us. However, due to their office's ability to work on this request for us and their current staffing issues, they cannot guarantee it will be completed by the end of this week. But the fact remains that we are not able to adequately prepare for trial in this matter without all of the discovery well in advance for the trial.

Additionally, in an effort to recreate our case filed – specifically our pleadings files – our office contacted the PACER office in Washington, D.C. to request an exemption from all of the federal courts in which we have active cases so that we could download the filed documents in all of our active cases, without having to pay the per-page charge when downloading the filings. We are a non-profit organization, and the cost to purchase the documents filed on PACER would be prohibitive. While we have heard back from most of the courts and have been provided with an order exempting us from PACER billing for a six moth time period in their court, the Eastern District of New York has yet to rule on our request and issue an order. As such, we do not have most of the pleadings filed in this case prior to 12/21/2018 (unless we had a hard copy saved or some reason). We would similarly ask this Honorable Court to intervene on our behalf so that we might be allowed to download the filed documents in this case at no cost.

Second: Attorney Linda Moreno is suffering from end stage arthritis in her left hip, she is in constant pain and requires hip replacement surgery. Ms. Moreno initially scheduled the surgery for June 20, 2019, to accommodate her trial schedule. Ms. Moreno's condition, however, is progressively worsening while awaiting surgery. Accordingly, she hopes to move up the surgery date to the earliest possible date. The condition causes chronic pain and severely limits Ms. Moreno. Moving the trial date would permit her to obtain the surgery at an earlier date, and ensue that she is fully recovered by the date of trial.

Further complicating the request for the moving of the trial date is that Ms. Moreno has a second case set for trial in US District Court in Utah. Ms. Moreno had previously mentioned to this Court that the Utah trial date was identical to the trial date in this court. At a recent hearing in Utah, the Court orally indicated it may move the trial date to July 29, but the Court has yet to issue an order. With the anticipated change in the trial date, Ms. Moreno's surgery would have to be pushed up to May (as there is an eight week recovery from the surgery) so she would be able to be available and healthy for the July 29 trial in Utah.

Ms. Siddiqui's attorneys apologize for the lack of a definitive answer as to the new trial date in Ms. Moreno's Utah case, and the lack of a firm date of Ms. Moreno's surgery. However, we do know that the delay in obtaining the discovery at this juncture, as discussed in the beginning of our Letter Motion, severely limits our ability to effectively defend Ms. Siddiqui's case on the

May 13 start date. That, coupled with the inability for Ms. Moreno to be effective in court on the start date of trial without surgery, the fact Ms. Moreno may be in surgery during the time of the actual scheduled trial dates, *and* the fact Ms. Siddiqui is adamant that she wants to be represented by both Ms. Moreno and Mr. Swift, makes it imperative that we request a continuance at the earliest possible juncture to this Court. As such, defense asks for a new date of October 14, 21, or 28, 2019.[1]

It should be noted that Mr. Swift and Mr. Maher are both unavailable in September.

Accordingly, for the above reasons, Ms. Siddiqui requests that the trial date be adjusted from May 13, 2019, to either October 14, 21, or 28, 2019.

Respectfully Submitted this 12th day of March, 2019

*s/ Charles D. Swift*
Attorney for Asia Siddiqui

cc: All counsel (via ECF)

---

[1] Ms. Moreno is available to discuss this with the Court at the next scheduled Status Conference on March 20, 2019.